DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATIONAL STRATEGIES, LLC, ) | |
| ) | CASE NO. 5:10-CV-0974 |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NAPHCARE, INC., ) | |
| ) | |
| Defendants. ) | |

Before the Court is Defendant Naphcare, Inc.'s ("Naphcare") motion to dismiss and for a more definite statement. ECF No. 5. The matter before the Court is a contract dispute that involves three separate contracts: the Ohio Consulting Agreement, the Nevada Consulting Agreement and the New York Consulting Agreement. Naphcare seeks to dismiss all claims relating to the Nevada and New York agreements asserting that the Court lacks personal jurisdiction over all of those claims pursuant to Federal Rule of Civil Procedure 12(b)(2). Additionally, Naphcare requests that Plaintiff National Strategies, LLC ("National Strategies") re-plead its claims for clarification concerning the Ohio Consulting agreement pursuant to Federal Rule of Civil Procedure 12(e).

Having carefully considered the parties' arguments, the Court denies Naphcare's motion to dismiss and for a more definite statement.

**I. Factual and Procedural Background**

National Strategies is a Delaware limited liability company with its principal place of business located in Washington, D.C. National Strategies provides consulting services to

(5:10-CV-0974)

companies that seek to contract with state and local governments. National Strategies assists companies in obtaining contracts with state and local governments and is compensated by receiving a fee for services and a "success fee" that is based on a portion of the gross revenues that a client receives pursuant to the contracts it is awarded by a government entity in a defined geographic region.

Naphcare is an Alabama corporation with its principal place of business located in Alabama. Naphcare provides health care services to government entities, primarily correctional facilities. Naphcare hired National Strategies to help with expanding its business in several different states including Ohio, New York and Nevada. National Strategies agreed to help Naphcare expand its business in these three markets pursuant to three individual consulting agreements: the Ohio Consulting Agreement, the New York Consulting Agreement and the Nevada Consulting Agreement.

On April 30, 2010, Naphcare removed the instant matter to this Court from the Court of Common Pleas, Summit County, Ohio. National Strategies' Complaint alleges that Naphcare is liable for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, fraud, and conversion with respect to the Ohio, New York and Nevada consulting agreements. In addition to financial damages, National Strategies also seeks a declaratory judgment.

On May 6, 2010, Naphcare filed its motion to dismiss and for a more definite statement. ECF No. 5. Naphcare claims that the Court lacks personal jurisdiction over the New York and Nevada consulting agreements and all claims associated with those agreements should be

-2-

(5:10-CV-0974)

dismissed accordingly. National Strategies filed an opposition to the motion for a more definite statement on May 24, 2010 (ECF No. 13), and an opposition to the motion to dismiss on June 8, 2010 (ECF No. 14). Naphcare filed a reply in support of only the motion to dismiss on June 21, 2010 (ECF No. 17).

## II. Rule 12(b)(2) Standard of Law

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move a court to dismiss a case for lack of personal jurisdiction. The plaintiff bears the burden of demonstrating that personal jurisdiction exists. *Air Prods. and Controls, Inc. v. v. Safetech Intern., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). Where the defendant files a properly supported motion to dismiss, "the plaintiff may not stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews d/b/a Matthews Lumber Transfer*, 935 F.2d 1454, 1458 (6th Cir.1991) (citation omitted). Nonetheless, when ruling on a motion to dismiss for lack of personal jurisdiction, a district court, "without conducting an evidentiary hearing, . . . must consider the pleadings and affidavits in a light most favorable to the plaintiff." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) (citations omitted). The plaintiff "need only make a *prima facie* showing of jurisdiction," and the court "does not weigh the [defendant's] controverting assertions." *Id.* Dismissal is proper where the plaintiff's factual allegations taken together fail to establish a *prima facie* case for personal jurisdiction. *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir.1996).

(5:10-CV-0974)

### III. Analysis

This is a diversity action and the parties agree that Ohio law controls the jurisdictional question before the Court. In general, two types of personal jurisdiction exist:

> Jurisdiction may be found to exist either *generally*, in cases in which a defendant's 'continuous and systematic' conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state, or *specifically*, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's conduct with the forum state.

*Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir.2006) (*quoting Nationwide Mut. Ins., Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir.1996) (citations omitted) (emphasis added)).

The parties also agree that the Court has specific personal jurisdiction over claims related to the Ohio Consulting Agreement and do not dispute that the Court does not have specific jurisdiction over claims related to the New York and Nevada agreements. The parties disagree—along with several state and federal courts—whether Ohio law recognizes general jurisdiction which provides the Court with personal jurisdiction over all of the claims related to all of the consulting agreements. The Court, therefore, limits its analysis only to the question of general jurisdiction since specific jurisdiction is not disputed.

For the reasons that follow, the Court finds general jurisdiction exists in Ohio and that the Court has general personal jurisdiction over Naphcare.

### A. Personal Jurisdiction

In a diversity case, a federal court may exercise personal jurisdiction over an out-of-state

(5:10-CV-0974)

defendant only if the following two requirements are satisfied: (1) the law of the state in which the district court sits authorizes jurisdiction, and (2) the exercise of jurisdiction comports with the Due Process Clause.  *Brunner*, 441 F.3d at 463 (*citing Compuserve*, 89 F.3d at 1262).

In Ohio, the first prong of the personal jurisdiction inquiry is satisfied if the defendant's conduct falls within the requirements of Ohio's long-arm statute, Ohio Revised Code § 2307.382.  Section 2307.382 provides, in relevant part, as follows:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action *arising* from the person's:
>
>> (1) Transacting any business in this state;
>> (2) Contracting to supply services or goods in this state;
>
> . . .
>
> (C) When jurisdiction over a person is based *solely* upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

§ 2307.382 (emphasis added).  Subsection (A) makes clear that for personal jurisdiction to exist under Ohio's long-arm statute, the cause of action must arise from the defendant's conduct in Ohio.  The statute, therefore, contemplates only specific jurisdiction.  Under the second prong, jurisdiction must comply with the requirements of due process which requires that the defendant must have "certain minimum contacts with the [forum state] such that the maintenance of the suit would not offend traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945).

As stated above and to narrow the issue before the Court, the parties do not dispute, and the Court agrees, that the Court has specific jurisdiction over the claims related to only the Ohio Consulting Agreement and not the New York and Nevada agreements.  To narrow the issues

-5-

(5:10-CV-0974)

further, the only dispute before the Court is whether Ohio law recognizes general jurisdiction.[1] National Strategies argues that Ohio does recognize general jurisdiction and presents evidence that Naphcare has 'continuous and systematic' contacts with Ohio providing the Court with general personal jurisdiction over all the claims in the Complaint.  ECF No. 14 at 9-11  On the other hand, Naphcare maintains that general jurisdiction is not recognized under Ohio law and that Naphcare's contacts with Ohio are irrelevant.  ECF No. 17 at 2.  In other words, Naphcare does not dispute the nature and extent of its contacts with Ohio, rather, Naphcare contends that those contacts have no relevance in resolving the issue of whether the Court has general personal jurisdiction over Naphcare because general personal jurisdiction does not exist in Ohio.

A continuing debate exists among federal courts in Ohio as to whether Ohio law recognizes general jurisdiction or whether personal jurisdiction over an out-of-state defendant can be established only if Ohio's long-arm statute is satisfied.  *Compare Keybanc Capital Mkts. v. Alpine Biomed Corp.*, Case No. 1:07-CV-1227, 2008 WL 828080, at *3-*6 (N.D. Ohio 2008) (discussing numerous opinions from the Supreme Court of Ohio, the Sixth Circuit, the Federal Circuit, and the Northern and Southern Districts of Ohio and concluding that Ohio law does recognize general jurisdiction) *with Signom v. Schenck Fuels, Inc.*, Case No. C-3-07-037, 2007 U.S. Dist. LEXIS 42941, at *3-*9, 2007 WL 1726492, at *1-*3 (S.D. Ohio 2007) (discussing opinions from the Supreme Court of Ohio, the Sixth Circuit, the Federal Circuit, and the

---

[1] Because the Court finds it has general personal jurisdiction over Naphcare, it need not address the parties' respective arguments concerning pendent personal jurisdiction.  The Court, therefore, expresses no opinion on the issue of pendent personal jurisdiction.

(5:10-CV-0974)

Northern and Southern Districts of Ohio and concluding that Ohio law does not recognize general jurisdiction).

The Court is persuaded by the arguments supporting the view that Ohio law does recognize general personal jurisdiction. Specifically, the Court agrees with the following:

> The Court notes, moreover, that, to the extent the Sixth Circuit has expressed an opinion on the issue, it appears to believe that Ohio does recognize general jurisdiction as an alternative grounds upon which to assert jurisdiction over an out-of-state defendant. *See Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir.2006) (stating that Ohio recognizes two routes for the assertion of jurisdiction-specific and general-but doing so in what is arguably dicta); *see also Estate of Thomson v. Toyota Motor Corp. Worldwide*, Case No. 07-3813, 2008 U.S.App. LEXIS 16386, at *5-*12, 2008 WL 2952784, at *2-*4 (6th Cir. July 30, 2008) (holding that Ohio recognizes two routes for the assertion of jurisdiction-specific and general-but doing so in an unpublished opinion).

*Swinson v. FedEx Nat. LTL, Inc.*, 2008 WL 4113963, at *1 (N.D. Ohio 2008) (O'Malley, J.); *see also Keybanc Capital Mkts. v. Alpine Biomed Corp.*, Case No. 2008 WL 828080 (N.D. Ohio March 26, 2008) (Oliver, J. adopting the *Report & Recommendation* of Magistrate Judge Vecchiarelli) (providing a well-reasoned and thorough analysis demonstrating that Ohio law recognizes general jurisdiction).

Based on the opinions cited above, the Court adopts the view that Ohio recognizes general personal jurisdiction. Thus, the only jurisdictional issue remaining[2] is whether

---

[2] Naphcare, in further support of its argument, contends that O.R.C. § 2307.385 "further evinces a clear legislative intent to confine personal jurisdiction under Ohio law to matters authorized by statute . . . ." ECF No. 17 at 3-4. The Court disagrees. A simple reading of the text demonstrates that § 2307.385 does not limit personal jurisdiction to matters authorized only by statute. Ohio Revised Code § 2307.385 states: "A court of this state may exercise jurisdiction on any other basis authorized in the Revised Code notwithstanding sections 2307.381 to 2307.385, inclusive, of the Revised Code." The purpose of § 2307.385 is to not prevent other

(continued...)

(5:10-CV-0974)

Naphcare's contacts with Ohio are "continuous and systematic" in nature to cause it to be amenable to suit in Ohio.[3] *See Hunter v. Mendoza*, 197 F.Supp.2d 964, 970 (N.D. Ohio 2002) (citation omitted).

The Federal Circuit recognized that "the United States Supreme Court . . . has [not] outlined a specific test to follow when analyzing whether a defendant's activities within a state are 'continuous and systematic.' Instead, a court must look at the facts of each case to make such a determination." *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). In the instant case, Naphcare's contacts with Ohio sufficiently satisfy the "continuous and systematic" standard to provide the Court with general personal jurisdiction over all of National Strategies' claims. National Strategies points out in its opposition brief that Naphcare:

> 1) Maintains at least one "principal office" in Dayton, Ohio, operates facilities in at least three other Ohio locations and provides health care services for over 5,000 individuals in Ohio.
>
> 2) Derives tens of millions of dollars in revenue from its Ohio customers.
>
> 3) Is registered to do business in Ohio and maintains a registered agent in Ohio.

---

[2](...continued)
jurisdictional bases found in the Ohio Revised Code providing a court with jurisdiction over an out-of-state defendant as opposed to only the long-arm statute providing a basis for jurisdiction over an out-of-state defendant. *See e.g.*, *Schroeder v. Vigil-Escalera Perez*, 76 Ohio Misc.2d 25, 664 N.E.2d 627 (Ohio Com.Pl. 1995) (holding that Ohio had personal jurisdiction pursuant to other statutes found in the Ohio Revised Code even though the defendant did not have sufficient contacts with Ohio for specific personal jurisdiction under the long-arm statute).

[3] "Moreover, because Ohio's grant of general jurisdiction is co-extensive with the requirements of federal due process, the Court conducts a unified inquiry on that ground[]." *Young v. Kiebler Recreation, LLC*, 2010 WL 395224 at *4 (N.D. Ohio 2010) (citations omitted).

(5:10-CV-0974)

> 4) Maintains employees in Ohio and specifically solicits employees to fille these positions in Ohio through advertisements in Ohio publications.
>
> 5) Has availed itself and invoked the protection of Ohio law by filing and defending lawsuits in Ohio.

ECF No. 14 at 9-11.

Given the substantial continuous and systematic contacts that Naphcare has with Ohio as shown by National Strategies, the Court finds that National Strategies has made a *prima facie* showing of jurisdiction and therefore, the Court has general personal jurisdiction over Naphcare and all of the claims asserted in National Strategies' Complaint.  Furthermore, the interests of judicial economy and efficiency are enhanced by this Court presiding over all three consulting agreements rather than three separate law suits filed in three separate jurisdictions.  Additionally, both parties' financial interests are better served by resolving all three disputed consulting agreements in one court as opposed to managing three separate law suits.

Accordingly, Naphcare's motion to dismiss the claims related to the New York and Nevada agreements for lack of personal jurisdiction is denied.

### B. Rule 12(e) Standard

Federal Rule of Civil Procedure 12(e) provides, in pertinent part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

"Motions for a more definite statement are generally disfavored because of their dilatory effect."  *Shirk v. Fifth Third Bancorp*, WL 4449024, at * 8 (S.D. Ohio 2008) (citation omitted).

A Rule 12(e) motion should not be granted unless the complaint is "so excessively vague and

(5:10-CV-0974)

ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Id.* (citation omitted).  If the complaint meets the notice pleading standard of Rule 8, the motion should be denied.  *Id.* (citation omitted).

The Court finds that Naphcare's motion for a more definite statement does not meet the standards set forth in Rule 12(e).  Specifically, Naphcare's motion does not point out the defects complained of nor the details it desires National Strategies to assert in its Complaint.  Further, National Strategies' Complaint is not so excessively vague and ambiguous as to be unintelligible and does not prejudice Naphcare at all, much less seriously, in attempting to answer it.

Accordingly, Naphcare's motion for a more definite statement is denied.

### IV.  Conclusion

For the above mention reasons, Naphcare's motion to dismiss and for a more definite statement (ECF No. 5) is DENIED.  The Court finds it has general personal jurisdiction to rule on all of National Strategies' claims.

Pursuant to the Court's previous Order (ECF No. 29), any remaining discovery must be completed by April 29, 2011.  The Court, by a separate order, will schedule a status conference.

IT IS SO ORDERED.

| | |
|---|---|
| December 22, 2010 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |